The in-bank case for argument this morning is 15-3066, Parkinson v. Department of Justice. Ms. McClennan, whenever you're ready. Ms. McClennan Good morning. May it please the court, I'm Kathleen McClennan on behalf of the appellant John Parkinson. Mr. Parkinson can assert a whistleblower retaliation affirmative defense under Section 7701C2C because the MSPB has jurisdiction to review the FBI's removal decision under Section 7701. Congress intended for preference-eligible veterans at the FBI to first have appeal rights that other FBI employees do not have, and two, to have rights that other preference-eligible veterans at other national security agencies do not have. That is a unique position for FBI preference-eligible veterans, and Congress did not expressly or implicitly repeal Section 7701C2C for preference-eligible employees at the FBI, and this court should not read an implication into Section 7701 that Congress did not put there. But the whole thought process with respect to allowing preference-eligible FBI employees to appeal the MSPB is separate and distinct from the thought process that goes into whether or not employees of a particular agency should have the right the whistleblowers have, right? I mean, it's a different thinking that goes into the two. In other words, we can assume, and it's clear from the legislation, that Congress thought about FBI employees, what they do, and why whistleblower protection should be separate and distinct from other employees. So there's a different analysis that goes into those two questions, is there not? There is a different analysis into those two questions when it comes to the MSPB's jurisdiction, but here the MSPB has jurisdiction over the removal decision, and Congress intentionally put in affirmative defenses as part of that jurisdiction, including one that said not in accordance with the law. Retaliation against FBI whistleblowers is not in accordance with the law, and there's nothing in Section 2303 that limits an affirmative defense. Is there anything in Section 2303 that makes the separate whistleblower protection process within the FBI exclusive? No. In fact, the whistleblower statutory scheme actually envisions scenarios in which the MSPB would consider whistleblower issues separately on a direct appeal under Section 7513 than they would under the Whistleblower Protection Act. For employees that are not at the FBI, those employees can either bring an individual right of action under the Whistleblower Protection Act, or if they're subjected to a removal or suspension over 14 days, they can bring a Chapter 75 appeal to the MSPB and assert whistleblower retaliation as an affirmative defense. So even that scheme embodies the idea that there might be times when the MSPB looks at whistleblower issues even though there's not an independent whistleblower cause of action. And in fact, the Whistleblower Protection Act, Sections 1221B and 1214 specifically say that they are not to be construed to interfere with direct appeal rights. So Judge Post, you're absolutely right. There was a different idea when it came to independent causes of action, but that idea was put into the Whistleblower Protection Act and 2303 with the idea that that would not interfere with direct appeal rights under Section 75. Under 2303, is there judicial review of the internal FBI decision on whistleblower compliance? Not for an independent cause of action. There's not judicial review. Well, I'm not talking about independent cause of action. I'm saying, is the FBI director or his delegate's decision subject to judicial review? Not for an action brought under Section 2303 through that process. However, the MSPB regularly reviews all kinds of collective bargaining agreements and statutes that did not give rise to jurisdiction. This is not a question of whether or not the MSPB can review the removal action. And in the course of reviewing that removal action- No, I'm not talking MSPB. I'm talking about APA review of the FBI director's decision. There's not APA- There is no review. No. The new December 2016 statute does not apply to this case or does apply to this case? Whether or not it applies retroactively is not a question that I don't think we need to answer because the edits to the new statute applies to disclosures and who an FBI employee can make a disclosure to. So the internal process under 2303 remains the same, but that's not, in this matter, what Mr. Parkinson is using vis-a-vis the removal. He's asserting whistleblower retaliation as an affirmative defense to the removal action only in the confines of the MSPB's jurisdiction over the removal. This is a case in which the only point you raise with respect to whistleblowing is the availability of the affirmative defense. You have not made a contention that the government, in sustaining its affirmative burden of justifying removal, cannot be held to have met that burden because a crucial, say, credibility determination is impossible to make if the board is barred from looking at retaliation. I'm not 100% sure I understand your question. Let me put it this way. It seems to me it's entirely possible to say that there is no affirmative defense for a 2303 violation and still to say there might conceivably be a case in which the government, coming in affirmatively to justify under 7513 its removal, would meet a response from the board that says, for you to meet that, to prove your case, your affirmative case, credibility of deciding Official A is crucial. We cannot decide that that official is credible when we know there's a retaliation charge and we can't adjudicate it. But that issue is not presented here. No. And in theory, that could potentially happen. However, in dismissing our affirmative defense of whistleblower retaliation, the administrative judge restricted discovery in accordance with that ruling. And so we were unable to fully probe the credibility of those officials based on whether or not they were motivated by retaliatory bias because the administrative judge held that that was part of the whistleblower affirmative defense that he had dismissed. But that wasn't an issue that you appealed to this court on, just the availability of 2303 as an affirmative defense. Yes, but the affirmative defense, I think, comes from Section 7701, not 2303. Well, the substantive violation, that is the law that you say they did not act in accordance with, is 2303. Yes. I think it's also important to address the results that would occur if this court were to adopt the Justice Department's position. It would create a burdensome dual system that would prejudice veterans' appeal rights because the Justice Department would then be the defendant in one action before the MSPB, challenging whether or not the removal was valid, and the adjudicator in another action before OARM, determining whether or not the removal was retaliation. And that clearly would prejudice any appellant because it's hard to see how the Justice Department could possibly objectively determine whether or not the removal was retaliation while simultaneously defending the removal on the merits before the MSPB in this court. And it would also force veterans into years of expensive litigation, parsing out a critical part, potentially, of their case. And in Mr. Parkinson's case, certainly a critical part. And that burden and that prejudice is particularly apparent in Mr. Parkinson's case because the DOD IG report that led to his removal made a finding that there was no whistleblower retaliation. Now, that's a contention in the DOD IG report that the DOJ relied on to fire him that we were not allowed to fully challenge because our affirmative defense was dismissed. And that's the prejudice that would result if not in accordance with the law is read to have an exclusion for 2303. How do you explain the fact that in the nearly 40 years since the CSRA was enacted, Congress has repeatedly tried to get judicial review for FBI employees and has failed, even as recently as last year? It seems very clear that Congress understands FBI employees have no judicial review. I think that's true with respect to an independent cause of action. However, I think Congress equally and repeatedly gave preference-eligible veterans appeal rights to the MSPB and has repeatedly expressed that those rights exist and that they want them to continue to exist. Can you cite any piece of legislative history or statutory history that suggests that Congress thinks FBI preference-eligibles have a whistleblower affirmative defense and can seek judicial review of whistleblower claims as an affirmative defense? There is no specific statutory history that says that they should be able to seek a whistleblower affirmative defense. I mean, that's a question of first impression for this court. And it's a question of statutory interpretation. And it's not surprising because most FBI employees can't go to the MSPB. So it's not as if Congress in enacting such… Do you know the numbers on that? How many FBI… How many preference-eligibles there are? I do not… It's a fair percentage, isn't it? I do not know the exact percentage. But 7701 doesn't just apply to the FBI preference-eligible. 7701 is to all federal employees. So in enacting 7701, it's not surprising that Congress wasn't saying, here are all the laws that could potentially be violated. And that's why they have a not in accordance with the law defense because it's not as though that they could list every single law that… And you can see that in the cases on not in accordance with the law. If somebody who doesn't… If an employer who… Or if an agency has someone take an action that they're not authorized to take, that would not be in accordance with the law. But that presumes that they didn't intend by 2303 to create a separate regime for FBI employees. And by all accounts in the legislative history and the like, it's very clear that Congress understood the FBI to be a different kind of agency than all the civilian agencies. And they treated it as more like an intelligence community agency, which also those don't have judicial review, right? That's correct, but… There was no whistleblower defense, affirmative defense, at all prior to the CSRA, correct? Yes. Right, so the CSRA at the same time created 2302, which applied to all the civilian agencies, and created a special regime which applied to all FBI employees. Why shouldn't we read that more specific statute to be conclusive here of all employees at the FBI, whether or not they're preference eligible? Because at the time that that system was created in 1978, no FBI employee could bring an independent cause of action before the MSPB. Well, the MSPB didn't exist prior to 1978. Right, but when they enacted it, even at that time, when they formed the MSPB, all employees had to go through the Office of Special Counsel, and only the Office of Special Counsel could bring a whistleblower case to the MSPB. So the Congress could not have possibly been concerned about an individual employee, FBI or otherwise, bringing a whistleblower case before the MSPB, because that was not possible. But civilian people could, once the CRSA was enacted, bring it as an affirmative defense. Yes, but there's no reason why the CSRA would have thought to include the small percentage of all federal employees that are preference eligible veterans at the FBI, and specify that in Section 7701. I think you shouldn't underestimate how many preference eligibles there are at the FBI. I don't think it's in the record, but it's a law enforcement agency, which probably has a significant number of preference eligibles. We're not talking about 1% or 2%, are we? No, but the number I'm comparing it to is the number of all federal employees, which is what 7701 governs. 7701 isn't governing just FBI. And I think it's also important to note that when the Whistleblower Protection Act was passed in 1989, Congress did an amendment to 2303 and said it had to be enforced consistent with 1214 and 1221, consistent with those statutes. Doesn't that argument prove too much, though? Because if you mean consistent with those statutes, those statutes don't distinguish between preference eligible and non-preference eligible. So if your argument is that all the rights from 1214 and 1221 have to be applied, then all FBI employees, not just preference eligibles, are entitled to judicial review. And not even you, I think, are making that argument. No, but the argument is not that consistent with 1221 and 1214 would mean that they would get an independent right of action. That's clearly not at issue here, and it's clear that they don't get an independent right of action. But consistent with 1221, and I'm talking about 1221B, which says that that statute is not to be construed to limit direct appeal rights. So it's not consistent to construe 2303 to limit direct appeal rights. Nothing in the whistleblower protection scheme is supposed to limit direct appeal rights to the MSPB, and 7701 includes affirmative defenses. So there should not be an exclusion read into 7701. That's only if we read 2301 as being a separate but non-exclusive regime at the time it was enacted. If we read it as, I think the legislative history suggests, that it was intended to be a separate and exclusive regime for FBI employees, then what happened in the WPA doesn't change that conclusion. Except for that would be true if this were a question of jurisdiction. But the MSPB has jurisdiction to review the removal action, so it's not a question of whether or not Mr. Parkinson can bring a case. Let me ask you this. I understand you're trying to make a jurisdiction between causes of action and jurisdiction and the like. But hypothetically, if we conclude that 2301 establishes a separate regime, Congress could have done that, right? They could have said, look, FBI press firms eligibles can challenge their removals on any of the grounds, but for whistleblower cases, because they're an intelligence-like agency, we want to create a separate regime and it's only internal. They could have done that, right? Yes, and so at best it's silent, which is why there should not be an exception read into MSPB's jurisdiction to exclude this particular affirmative defense. It's silent except for the repeated attempts in the last 40 years by certain members of Congress to change that view to enact judicial review for FBI employees. But that would be for an independent cause of action. That would be to appeal from an OARM internal process. That's not for affirmative defense. Is there a distinction between the scope of the inquiry that you would envision at the MSPB as it relates to an affirmative defense of retaliation versus the scope of inquiry that would be involved in an individual right of action? In other words, usually with retaliation claims, the merits of the underlying whistleblowing or the underlying discrimination claim or whatever it is are irrelevant. The question is whether there was action taken in response to a claim. Is the fact that that would be the narrow issue that MSPB is looking at, does that make a difference? Yes, because individual right of action claims can be brought for a whole host of adverse personnel actions. Whereas a Chapter 75 action can only be brought if there's a removal or suspension of over 14 days. That's what gives rise to MSPB's jurisdiction. So it's not as though if the court were to uphold the panel decision that there would be FBI preference eligible veterans being able to come to the MSPB if they're issued a downgraded performance appraisal in retaliation, for example. Only if the FBI takes the affirmative action of firing them or suspending them of more than 14 days would the MSPB be then able to examine the relevant laws and statutes associated with that removal. Well, the government is arguing that one of the dangers of your position is that then we or any court that could review would be getting into the meat of very confidential information. And I guess my question is, in individual rights of action, is the scope of the inquiry into the underlying whistleblower claim broader than it would be at the MSPB? I think that would depend on the underlying whistleblower claim. But I think traditionally, it would be broader in terms of the retaliatory actions, such as retaliatory performance appraisals, changes in job duties. I mean, that's a much broader inquiry than just say, is this removal retaliation? In terms of getting into sensitive issues, there are no sensitive issues in Mr. Parkinson's case, as the government's acknowledged here. And there's no explanation from the Justice Department as to how a whistleblower claim would risk any more sensitive information than simply a removal action. And here, the DOD IG made findings that there was no whistleblower retaliation. Certainly to be at issue, which report was certainly to be at issue in a removal case. And so if you've got a report that is led to firing a preference eligible, that appeal right exists. And that report should be at issue in the MSPB case. If we were to read the not in accordance with law language from 7701C2C as covering Mr. Parkinson's whistleblower reprisal allegation, then why wouldn't that reading of that language likewise cover all the whistleblower reprisal allegations that are covered in 7701C2B, thereby rendering subsection B superfluous? Because subsection B, according to the government, does not apply to Mr. Parkinson. And this argument, I think, is significant because... But my question is, as I understand your argument, it hinges on what I would call a broad reading of the language not in accordance with law. And so therefore, if it covers Mr. Parkinson's whistleblower reprisal allegation, why wouldn't it likewise cover any and all whistleblower reprisal allegations that can be raised to the MSPB? Because it would be under Section 7701, which can only applies to adverse action appeals. Meaning, or only applies to otherwise appealable actions under Chapter 75. Meaning, if Mr. Parkinson, for example, received a downgraded performance appraisal and wanted to claim that that was retaliation, the MSPB would not have jurisdiction to cover that. I guess what I'm wondering is, are you reading not in accordance with law to apply when it comes to whistleblower reprisal allegations just to preference eligible FBI employees, but doesn't apply to any and every other whistleblower reprisal allegation that can be raised at the MSPB? So it's kind of a carve-out of what it means to be not in accordance with law. At least your interpretation of not in accordance with law. Not exactly, because Section 7701C2B is based on 2302B. And the government wants it both ways. I mean, the government wants to say that 2302B does not apply to Mr. Parkinson, but it's specific. And so then, because it's specific, then C2C does not, he cannot raise in defense under C2C either. But that doesn't make sense, because if 2302B does not apply to Mr. Parkinson or FBI preference eligibles, then certainly C2C should, and it's not in specific general relation. If 2302B does apply to Mr. Parkinson, then he should be able to raise an affirmative defense there. But he would not be able to raise it for all whistleblower allegations. He would only be able to raise it in the context of an action where the MSPB already has jurisdiction under Chapter 75. So you can't say specific general, and then the result is there's no statute that covers you. If C2B applies, then C2B applies. If C2C applies, then C2C applies. It's not C2B is specific, and then C2C doesn't apply, so you're out of luck. Can I ask you a question? You said this was a case of first impression, and yet it's been 40 years, almost, since 1978. Can you tell us anything about the numbers of 2303 claims by preference eligible FBI employees and the numbers of adverse action appeals by FBI preference eligible that tells us whether to make something of the fact that this appears not to have come up before? I don't have specific numbers. I know that there are other cases, like Roberts v. DOJ, that say that there's no cause of action under 2303. I think also after 2303 was passed, it wasn't implemented until much later. But that's still 20 years. Right. And so I don't know that, you know, there are not even a lot of FBI preference eligibles who bring MSPB appeals. I mean, the course of action, factually, that has to happen for this issue to arise is rare in the sense that you have to have an FBI preference eligible who is fired or removed for more than 14 days who also believes he was reprised against for whistleblowing. And I think that that simply has not come up in the course of MSPB litigation. I mean, and it did arise in Van Lanker. That factual scenario in Van Lanker did arise. So that was, I think, the first time at the MSPB that it arose. Counsel, you stated earlier in response to a question that you knew of no statute that specifically authorized an affirmative defense before the MSPB in this kind of a case. Do you know of any statute that specifically precludes an affirmative defense in this kind of a case? No, and the legislative history indicates that Congress should, that Congress wanted to preserve preference eligible appeal rights. Is it your position that, in fact, the statutes don't answer this question? I think that it's a question of statutory interpretation. I don't think that the language is ambiguous. I think it unambiguously provides for an affirmative defense of not in accordance with the law. But not in those specific terms? No, not in the specific terms of preference eligible veterans at the FBI can raise an affirmative defense of whistleblower retaliation. That's a question for this court to answer. Is there any broader theory that might support the need for an affirmative defense other than an argument that the statutes could be read one way or the other? For example, there is a presumption in favor of veterans. Does any of that play into your case? I think most of the statutory interpretation presumptions would play in, including the presumption that veterans' rights are viewed as fairly sacrosanct and that statutes should be read in favor of veterans. And that would include, this court has acknowledged, MSPB appeals should be read in favor or statutes that govern the MSPB that give veterans' rights should be read in favor of veterans, as our amicus pointed out. I think also the theory that not in accordance with the law is a separate affirmative defense, which this court has acknowledged, and that if you prove not in accordance with the law, then you need not show another affirmative defense, shows that not in accordance with the law is not some throwaway language, that it provides a separate course of action. And finally, and I think most importantly, Congress should not read exemptions into the Civil Service Reform, or this court should not read exemptions into the Civil Service Reform Act that are not expressly put there. And that's this court and its Supreme Court precedent. If Congress wanted to exempt affirmative defenses for preference-eligible veterans, Congress could have done that, and Congress did not. Thank you.  Let's pick up right where your opposing counsel ended on the question of veterans' preferences. In your supplemental brief, you make an argument that has weight, citing King v. St. Vincent and saying they're seeking too much out of Hudgins. But you don't stop there. You say even if this canon were applicable, it would require the court to hold the Board of Review whistleblower reprisal claim is more favorable to veterans than equivalent Department of Justice review. There is no basis to reach that holding as a legal proposition. Now, my problem with that is the GAO report, which is cited in the other supplemental and upon which the reserve officers base their argument, which says DOJ took from 2 to 10.6 years to resolve the four complaints we reviewed that DOJ adjudicated, and they didn't provide complainants with estimates of what to expect. And that was out of, I think, 62 complaints. Why don't those statistics provide a basis for constraining the statute in favor of Mr. Parkinson as opposed to going past your legal argument? This is your additional argument that you're asking. I understand, and I would first say that I have read the GAO report, and I would also note that DOJ recognized the issues that were raised by GAO and provided an indication that they were going to try to improve in the administration of FBI whistleblower claims. However, that's not really the relevant issue here because it's Congress who has to change the law and provide for a different procedure to apply to FBI employees. And I would also note that with respect to the veterans' preference canon, we're not disputing that 7511, that 5 U.S.C. 7511, which gives FBI preference eligibles the right to bring an appeal of an adverse action, is a veterans' benefit statute. However, Section 23 is not a veterans' benefit statute, nor is Section 7701. So Section 7701, this court has established, is subject to Chevron deference to the MSPB. Similarly, Section 2303 would provide for Chevron deference to DOJ, to whom authority was delegated to promulgate regulations implementing the FBI whistleblower provisions. I would point out, however, that we know that when the CSRA was enacted in 1978, and this is stated by the Supreme Court in Fausto, Congress comprehensively overhauled the civil service system. At that time, Congress enacted 5 U.S.C. 2302, the general whistleblower protection provision, Section 2303, the provision that applies to the FBI, and Section 7701, which is the statute that's really at issue here. And we also know that in enacting 7701C2, Congress specifically addressed whether and to what extent whistleblower retaliation affirmative defenses may be raised. In 7701C2B, Congress specifically cross-referenced a whistleblower defense that is available to certain employees, but not to FBI employees. I know that Mr. Parkinson has attempted to rely on Section C2C, which states that there are affirmative defenses based upon actions that are not in accordance with law, but as one member of the Court pointed out, if we were to read 2303 into C2C, it would effectively render Subsection B superfluous. And this Court in the Handy decision has already said that. Can I just ask you, it seems to me there's at least a potential answer to the C would override B, which is that B is at least quite explicit. And the argument that you're making about C not applying is that there is a kind of negative implication, that it's an implication from B by the omission of 2303, which ousts the applicability of the highly general language of C. That at least is different from saying an express reference in B to 2302 ousts the more general remedy. Well, our argument is that the express omission or the omission of 2303— Express omission is a difficult— You're right. That's not—I should not have— This is kind of the issue, isn't it? Congress enacted 7701C2 at the same time it enacted Sections 2302 and 2303. Had Congress wanted to provide an affirmative defense of whistleblower retaliation for FBI employees, it could have said 2302 and 2303. It did not do that. It provided for an exclusive remedy in Section 2303. And as the Court, and I think Mr. Parkinson's— I'm sorry. I'm sorry. You have to make the argument that it's exclusive because it doesn't say it's exclusive. This is all about an implication of a specific remedial regime ousting a more general, otherwise textually available one. Correct. But if you look at the language of 2303, it makes it clear that authority for propagating regulations, implementing the prohibitive personnel practice provision on behalf of the FBI is delegated to the Attorney General. It also states that authority to provide for enforcement is provided to the President. And then it also goes on to address 1214 and 1221. There is no right to judicial review there. In fact, Mr. Parkinson's counsel acknowledged that several courts, the Runkle Court and the Mukasey Court, have already found that 2303 does not provide a basis for a separate APA-type appeal. Let me ask you what I think is a difficult question. Suppose an FBI supervisor fires an agent for engaging in whistleblowing, and the agent takes his case to the MSPB. Is the MSPB supposed to say, yes, he can be fired for whistleblowing? Or how is it supposed to handle that? It seems to be a very odd thing for the MSPB under those circumstances to ignore the reason for the agent's firing. That would be an odd thing. That obviously is not the case here. I'm not sure how that type of case would be handled, but we have to remember that 2303 sets up – You're not sure how that would be handled? I assume our position would be that the employee would not be able to raise whistleblowing as an affirmative defense. Whether or not the actual reason for – if it were undisputed that the reason for firing him was for whistleblowing, it's a possibility that the MSPB would be in a position to rule in his favor. However, there would also be – It seems to me you're creating difficulties for yourself because you're saying in some cases maybe they could consider a whistleblowing defense, and in some cases they couldn't. Well, I think that the circumstances that Your Honor is suggesting obviously are not an issue here, and I find it hard to believe that such a case would ever arise. However, if such a case did arise, our position would be that – I don't think it's hard to believe that such a case would arise. I mean, FBI agents are supposed to maintain confidentiality. There would be a lot of concern within the FBI if an agent went out and even within the FBI started going over his superior's head to make allegations about whistleblowing. That person could be viewed as a real troublemaker. So I don't think it's a far-fetched case. Well, our position would be that were that to happen, it's possible. Like, for instance, if the employee was fired for disclosing classified information and wanted to defend that by saying, well, that means I was fired for disclosing classified information. I know I wasn't allowed to, but that was prohibited whistleblowing. I mean that would not be the type of affirmative defense he could bring. That type of claim has to be adjudicated under Section 2303. I mean, doesn't your argument suggest that if an employee believes that he has been subject to whistleblower retaliation, under your view of 2303, his sole remedy is to go the internal agency route? If he wants to challenge his removal on separate grounds, he can go to the MSPB. That's correct. And a member of the court asked whether there are examples of FBI employees bringing appeals of adverse actions to the MSPB. And there are many examples. I mean, I found five or six where the MSPB has considered whether or not an FBI veteran's preference eligible was properly removed for offenses such as misusing a position to influence a private dispute, for unauthorized use of government vehicles, removing classified documents. But none of that's really relevant to the question of whether there is an affirmative defense allowable. Help me understand this. Assuming for the moment that the law is as you describe it, let's hypothesize, take it out of the preference eligible category. Let's hypothesize an FBI agent who is discharged by a supervisor on the grounds that that agent has not behaved properly. Turns out the agent, in fact, had ratted out that supervisor in an earlier complaint because of the supervisor's illegal conduct according to the agent. Now, as I understand it, the issue of whether there is a whistleblower defense under the general statutory framework, not preference eligible now, goes to the FBI. Is that right? Correct. And somewhere up in the FBI, that case will be reviewed. Where in the FBI is that? That process goes to the OPR, the Office of Professional Responsibility at the FBI, and appeals from there go to the DRB. I forget what the acronym stands for. It's Defense Disciplinary Review Board. That is a completely separate process from the process for appealing on the grounds of retaliation for whistleblowing. That process occurs only at the Department of Justice. So even a non-preference… Stay with my hypothesis. Okay. It would go up through this process you described. So we have the FBI in effect. Somebody's complained against the behavior of the FBI. Correct. Presumably his complaint was dismissed somewhere. That is, he didn't get a remedy for his whistleblowing. So he appeals it, he or she appeals it up into the FBI, and the FBI now is going to judge whether it had made the proper decision earlier. Is there an appeal from that process? There is no judicial review of that process. The FBI gets to judge its own behavior, and there's no appeal. That's correct, because under the CSRA, accepted service employees of the FBI are not permitted to appeal, are not permitted judicial review of FBI review of their misconduct. And that's consistent with the Supreme Court's decision in FASTO. Now, for preference-eligible FBI agents, Congress has punched a hole in that routine and said, ah, you can go to the MSPB. That is correct. To your knowledge, is there any— Except with respect to the whistleblowing. To your knowledge, is there any rule or statute that precludes an affirmative defense before the MSPB? Yes, 7701C2C. 7701C2C—I mean, C2B specifically states that whistleblowing under 2302 may be raised as an affirmative defense. It does not mention whistleblowing under 2303. And the in accordance with law provision also doesn't apply, much like it doesn't apply in other cases for different reasons, like USERA, you can't raise USERA as an affirmative defense. But subsection C gets to play a role also, doesn't it? It does play a role. Your argument before was that subsection C doesn't play a role because B has to be read first. But one can make the argument that B and C have to be read together. That is correct. And if I gave the impression that I didn't think B and C had to be read together, I misstated it. I am just trying to emphasize that C2B expressly references whistleblowing, and it applies the affirmative defense only to whistleblowing under 2302. When read in conjunction with C, which provides for in accordance with law, it would render subsection B superfluous if C also addressed whistleblowing. Could the president under 2303C declare that the board may review in an adverse action appeal the charge of violation of 2303? That's highly unlikely because Congress gives the MSPB jurisdiction over adverse appeals under the CSRA. Your argument that C, 7701C2C, is unavailable is that it is ousted by the regime of 2303. That regime gives the president control over the remedial side of things. It doesn't even have to limit – the president can give review to the Office of Special Counsel. Why can't the president under 2303C give review to the board? I'm not so sure that the president can give review to the Office of Special Counsel. Congress, in the amendment to 2303 that was enacted in December, gave FBI whistleblowers the right to make disclosures to OSC, but OSC doesn't have the right to consider any whistleblower retaliation claims by FBI employees. 2303C gives the president, as I read it, complete control over the remedial side of 2303. Why can't the president give it anywhere he wants? It's possible. I mean, I guess an argument could be made and litigated as to whether or not the president has the authority to provide the MSPB with jurisdiction over a particular type of claim, but the legislative history of 2303 and 2202, as well as the CSRA read as a whole, makes it clear that FBI whistleblower claims are to be considered internally. I mean, the legislative history – Except for 2303C, which doesn't say anything about internally. Well, Congress – President Clinton, when he delegated the authority, did, but the statute doesn't. And Congress, when it enacted the CSRA in 1978, also stated that it did not want whistleblower claims by FBI employees to be considered outside the agency. This is Congress stating this somewhere outside the statutes at large. In the congressional record. But otherwise delegating complete discretion to the president. That's correct. Let me ask you about the Postal Service employees, who are also not subject to the whistleblower statute 2302. And yet, the MSPB, in two cases, in Butler and Mack, has held that they can assert a whistleblower defense when they appeal to the MSPB. Are those cases incorrectly decided? What is the government's position about that? The government's position is that those cases, we have not addressed whether they're incorrectly decided, but they're not really relevant because the Postal Service did not have a provision like 2303 that provided for a separate remedy for adjudicating whistleblower claims by Postal Service employees. Here, Congress, in 1978, debated extensively whether FBI employees should have any rights under the CSRA. And it was finally concluded that the only rights FBI employees would have are the specific rights listed in 2303 and the specific remedies and processes listed in 2303. And I would just note that I would ask that the court keep in mind that in the Fausto decision, the Supreme Court considered under the original CSRA whether accepted service employees had the pre-existing rights that they'd had before the CSRA was enacted. And they said, no, CSRA was a complete overhaul. Accepted service employees have no rights. Of course, that led to an amendment in 1990, the Civil Service due process amendments. But that has not happened with respect to FBI employees. With respect to FBI employees, the law has been consistent all along. And I would also point out, Mr. Parkinson argues that 2303, when it was enacted under the Whistleblower Protection Act, specifically listed that the president should provide for enforcement in accordance with 1214 and 1221. Well, that's not looking at the entire provision. It's saying enforcement should be consistent with 1214 and 1221 as applicable. So to the extent that 1214 and 1221 make reference to affirmative defenses under 2302, that has no application under 2303. Are there any portions of 1214 and 1221 that are literally applicable to FBI employees? No. So what's the word applicable? Well, I mean, I guess what – I understand consistent with – you read it as to the extent you feel like it in harmony with the general procedures. But I'm not sure that the word applicable is doing the work. Well, what the president can decide is which provisions of 1214 and 1221 are applicable and then come up with provisions that are consistent with those particular provisions. But is that really – the more I listen – I'm going to interrupt you, but I want to raise another question, because the more I listen to these arguments, the more it seems to me that maybe we aren't really focusing on the most troublesome aspect of the way this is working out. Maybe we don't have to decide whether the Justice Department could say we don't want the OSC investigating the FBI. We'll do it ourselves. We hear the stories of it takes 10 or 12 years for the Justice Department to get around adjudicating that which has been entrusted to it. Maybe we don't have to decide in the abstract whether the same entity of government can be both defendant and judge, as to the same person, but in a different tribunal. Aren't we, in the way that it's been working out, now approaching something so fundamental, something so profound as a matter of, let's call it equal protection, that we must take a look at not so much as what's been written, but as to how it's working, and whether in fact it's been working the way it was intended, which is perhaps comprehensibly enough, keep the OSC out of the FBI. We're the investigators, not them. But it does seem from the few horror stories in the briefs that there are some fundamental flaws, maybe so fundamental, but so rare perhaps, that they didn't come up at the time the statute was being revised and enacted. But as I listen to all of the arguments in all of the debates, we know that whichever side prevails, there is a basic flaw in how it's working out, so basic, again, so fundamental, that I repeat, that perhaps there are constitutional issues that need remedy, and that the court, therefore, has an obligation to look at how it's working, rather than whether the statute was entitled to have been enacted. What's your answer to that? My answer to that is that the issue in this case is whether 7701C2 provides a affirmative defense of whistleblowing retaliation before the MSPB. The issue is whether, in fact, justice can be achieved on that theory with the experience of the occasions when it doesn't appear to be achieved. I think the issue that the court raises is whether or not Congress should have, between 1978 and now, adopted an amendment to 2303 or any other aspect of the Civil Service Reform Act that would provide for more expeditious or somehow different review of FBI whistleblower claims by the Department of Justice. What happens in a 2303 investigation? Is it an investigation of the supervisor who acted improperly, or is it an investigation of the employee's right to be reinstated? What happens in the course of those investigations? To which of those two points or both are those investigations directed? It's primarily to the employee's claim that he or she was retaliated against for protected whistleblowing. So as a result of that process, the employee could be reinstated? Yes. The regulations promulgated under the authority of 2303 provide for reinstatement, back pay, attorney's fees, potentially consequential damages. The analysis that the regulations provide for are somewhat similar to 1221, in that the inquiry is whether or not there was a protected disclosure made, whether it was a contributing factor in the misconduct or personnel action that was taken, and then whether or not the FBI can show that there was clear and convincing evidence that it would have taken the action anyway. That is very similar to the analysis that this court and the MSPB apply under Section 1221, whether it be in an IRA case or an affirmative defense case. I think earlier Mr. Parkinson's counsel was asked whether or not the process that applies in looking at affirmative defenses under 7701 is similar to the process that is used under 1221, and the answer is yes. This court, when considering affirmative defenses under 7701C2, looks to 1221 to come up with the framework for analysis, contributing factor, protected disclosure, whether there's clear and convincing evidence. I want to follow up on what I think was Judge Newman's question, and that is supposing instead of four of 62 complaints, zero had been resolved. Would your answer be the same to her? I think it would. I think that would have to be a different type of lawsuit. To the extent that there are some—if the process set up by the president suffers from— or the regulation set up by the attorney general or the process set up by the president suffers from a serious constitutional flaw, then that might be the grounds for a separate suit, but that is not what we're dealing with here. What we're dealing with here is whether or not the CSRA permits FBI whistleblowers to raise whistleblower retaliation as an affirmative defense under 7701C2. And we might conclude that it does because of the basic issues being raised by Judge Newman and others. That is to say, we may want to construe the statutes to avoid a constitutional flaw. Wouldn't that make sense? I don't think that would make sense because—I'll just raise the Bush v. Lucas case. In that case, an employee raised whistleblowing as a defense to his firing, and this was pre-CSRA. And the court said under the civil service structure that was in place then, he could—he was entitled to some sort of relief. He, however, also thought that he should be entitled to some sort of remedy against the individuals who had actually taken the action against him under a Bivens theory. And the court said it is not our—regardless of whether there's a Bivens theory out there, the civil service statute is comprehensive and it's meant to be exclusive. We cannot grant that Bivens relief. I think the court should hesitate to do such a thing in this case either because, as I've stated, the CSRA is a comprehensive statute, and court after court has construed it not to allow actions outside the specific processes included in the statute, even when the individual has no recourse. I think, counsel, you're missing a part of the point. At least Bivens remedy is not designed to avoid constitutional flaws. Well, it's a Fourth Amendment-type claim. The question here is, is there a problem in this basic structure? No, because it's up to Congress to decide whether or not 2303 is working the way it had intended when it enacted the CSRA in 1978, and as Judge Hughes pointed out, has amended it numerous times over the last 40 years and has never changed the process. But the fact that there is a separate process under 2303 for FBI agents with respect to whistleblowing doesn't necessarily mean that that is exclusive, and exclusive to the point of preventing a preference-eligible like Mr. Parkinson from asserting an affirmative defense in a situation where he has a clear and express, congressionally approved right to appeal to the MSPB. It seems to me that you're depriving him of a right to assert an affirmative defense, which is a fundamental right. This is sort of a due process sort of argument based on an implication that because there's a separate provision set up for whistleblowing for all other FBI agents, that that somehow deprives preference-eligible FBI agents of a right that they should be entitled to assert based upon their right of appeal to the MSPB. Respectfully, Your Honor, neither FBI preference-eligibles nor any other employee of the federal government has a right to any sort of review that Congress has not expressly provided them. I understand that Congress has expressly provided veterans preference-eligible FBI employees with the right to appeal adverse actions to the MSPB. However, our argument is that that did not include the right to raise whistleblower retaliation as an affirmative defense under 7701C2 because 2303 provides a specific remedy for all FBI employees. Congress was clear about that when they enacted the law in 1978. Again, you're arguing that that's exclusive, that it excludes the right to assert the affirmative defense. It does exclude the right to assert the affirmative defense. Congress doesn't say that explicitly, does it? No, but even Mr. Parkinson agrees that it does not provide for judicial review. Before you sit down, let me ask you one other question. Suppose we have a situation that Judge Newman and Judge Wallach are concerned about where the FBI is not processing these whistleblower complaints in the FBI process appropriately. Does the MSPB, for example, under those circumstances have the authority to stay its hand in the adverse action appeal and keep the employee in his or her job pending the outcome of the FBI proceeding? I do not think they have the right to do that, but I am not certain they are. I mean, unless and until the adverse action is overturned, then the person is subject to whatever discipline was imposed. Even if it takes five years? Yes. Can I ask you, do you have a view about whether the December 2016 statute applies to this case? Our position would be that it would not be retroactive because it provided a new set of rights to FBI whistleblowers. They are now allowed to make pretentious disclosures to entities that they were not allowed to before, and that is not just a clarification. It seems to be a new set of rights that would not apply retroactively. But it's not really relevant in this case because— It might be. We're talking about an inference from a structure. Part of the pre-December 2016 structure was that both the disclosures and the remedies were internal to the DOJ. Now the first half is not true. So it seems to me, I guess I'm curious, whether we have a case in which we need to decide it on the assumption that both are true or that only one is true. Well, we would take the position that it does not apply retroactively. But even if it does, the mere fact that Congress has allowed the OSC to be the recipient of a protected disclosure does not mean— And Congress to some extent, whatever 7211 is. Right, under 7211. It does not mean that the process that was set up under 2303 has somehow been discounted or negated. Thank you. I'd like to just address the OARM process under 2303. That's not an equal remedial scheme and certainly not for a removal. For example, for someone bringing a case before OARM, there's no right to a hearing, an evidentiary hearing. In a Chapter 75 case, Mr. Parkinson has a right to a hearing. The MSPB has subpoena power and can issue subpoenas. At OARM, those rights don't exist. This is not an equal scheme. And 2303 could not provide Mr. Parkinson with a remedy for his removal and certainly not the speedy remedy that the MSPB is intended to provide. What do you mean they can't provide him with a remedy for his removal? Don't the FBI regulations precisely provide that if a complaint is investigated and found to be valid, it can be – reinstatement can be ordered? Reinstatement can – I mean, it does not provide – It provides the fees and the like. Don't procedures in the FBI regulations mirror pretty precisely the procedures in 1214 and 1221, just performed by different entities? No, that's – the OARM process does not mirror precisely. There's no evidentiary right to a hearing. The adjudicator is the same parent federal agency that is the defendant, and it's not the same right as an MSPB hearing, which is why you see the legislation – But you can get the same remedies. In theory, if you could be successful, which, as the GIO pointed out, is a very, very unlikely prospect, and not in the same time. The MSPB process is – Is that an issue for Congress? I mean, you've recognized that these bills keep getting proposed to Congress over and over again, and they have some significant support, but they don't get enacted. It's an issue for Congress if we're talking about an appeal under 2303, but we're not. An issue for this court is Mr. Parkinson's rights under Section 75 and under Section 7701. That's the issue for this court is what is that right, and is that right interfered with if you take away a critical part of his case? And I think – But just so I can understand for myself, when it comes to the 2303 regulatory framework, there is the possibility for there to be a hearing on the allegation of a whistleblower retaliation, right? And there is the possibility of using subpoena power for getting testimony and documents, and there also is the possibility of reinstating the employee if it's determined that the whistleblower retaliation was a contributing factor to the removal. Am I correct on all those things? There's a possibility, but at the MSPB, Mr. Parkinson has a right to a hearing. That's very different than saying, we'll give you a hearing if we want. That's a different – I mean, that's a different thing, and that's what – and at the MSPB, the MSPB is required to complete its cases in a certain amount of time, and it moves quickly. And that's intended because when someone is fired, then they need to have their appeal adjudicated in a timely fashion. And I think I'd just like to point out one more thing about the FBI's internal review board, the disciplinary review board that a regular FBI employee would go to. Mr. Parkinson also went through that process, and early on in our MSPB litigation, the judge – administrative judge did actually stay the MSPB case, but then when the disciplinary review board took longer, the judge declined to stay the MSPB case. So he was actually proceeding under both the disciplinary review board and the MSPB, and I think it's very clear which body would have ultimate jurisdiction to review the removal, and that would be the MSPB and ultimately this court. And so I just would like to leave the court with the point that this is not a question of jurisdiction and that the MSPB – our congressional intent was to preserve MSPB rights for preference-eligible veterans and preserve direct appeal rights in enacting whistleblower statutes under 1214 and 1221. Thank you. We thank both counsel and the case to submit. That concludes our proceedings for this morning.